IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ADRIANA SOTO,

    Plaintiff,

v.

DILLON COMPANIES, LLC D/B/A/ KING SOOPERS, INC.,

    Defendant.

---

## NOTICE OF REMOVAL

Defendant Dillon Companies, LLC d/b/a King Soopers, by and through its counsel, Larry S. McClung, Katherine M.L. Pratt, and Carl F. McEncroe of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1(a).

There is no duty to confer prior to filing a Notice of Removal.

### BACKGROUND

1. On August 28, 2019, Plaintiff commenced an action against Defendant in the District Court for Denver County, Colorado, styled *Adriana Soto v. Dillon Companies, LLC d/b/a King Soopers, Inc.*, Case No: 2019CV33299. (*See* **Exhibit A**, Complaint and District Court Civil Case Cover Sheet attached hereto).

2. Defendant was served with the Summons, District Court Civil Case Cover Sheet, and Complaint on September 3, 2019, by service to Corporation Service Company. (*See* **Exhibit B**, Summons and Affidavit of Service). Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446 as it is filed within thirty days of service of the Summons and Complaint.

3. This is an action in which the district courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Denver County, Colorado, where this action is pending.

4. "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

## CITIZENSHIP

5. Plaintiff is domiciled in Colorado. (*See* **Exhibit A**, Complaint ¶ 1).

6. Defendant Dillon Companies, LLC is a Kansas limited liability company with its principal place of business in Hutchinson, Kansas. (*See* **Exhibit C**, Certificate of Good Standing and Periodic Report for Defendant from the Colorado Secretary of State, reflecting the place of its incorporation and principal place of business).

7. The Kroger Co. is, and was at all relevant times herein, the sole member of Dillon Companies, LLC. (*See* **Exhibit D**, Defendant's Corporate Disclosure Statement).

8. The Kroger Co. is, and was at all relevant times herein, incorporated in the State of Ohio with its principal place of business in Cincinnati, Ohio. (*See* **Exhibit E**, Certificate of Good Standing and Periodic Report for The Kroger Co. from the Colorado Secretary of State, reflecting the place of its incorporation and principal place of business).

9. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant because Defendant's sole member is not a citizen of Colorado. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

## AMOUNT IN CONTROVERSY

10. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014), abrogating *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir. 1995) and *Martin v. Franklin Capital Corp.,* 251 F.3d 1284 (10th Cir. 2001). Evidence establishing the amount required by §1446(c)(2)(B) is only required when the "plaintiff contests, or the Court questions, the defendant's allegation." *Id; see also Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) (Defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal) (alterations and emphasis in original).

11. In determining the amount in controversy, courts look to the object to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail,* 529 F.3d at 954 (the sum for the amount in controversy is either the value of plaintiff's claim or what defendant may lose).

3

12. When the amount in controversy is not established by the complaint, a defendant, as the proponent of federal jurisdiction, must prove by a preponderance of the evidence facts that support the amount in controversy. *McPhail,* 529 F.3d at 953-955.

13. The defendant does not, however, have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *Id.* at 955-956. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

14. A defendant may introduce evidence including, but not limited to, interrogatories, admissions, affidavits, and proposed settlement demands or correspondence to show the amount in controversy. *Id.* at 954-956. In addition, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to prove facts supporting the amount in controversy by a preponderance of the evidence. *Id.* at 955-956.

15. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to stay in Federal Court unless it is "'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

16. Plaintiff's Complaint and District Court Civil Case Cover Sheet, in conjunction with the nature and extent of Plaintiff's alleged injuries, demonstrate that the amount in controversy in this case exceeds the jurisdictional threshold. (*See* **Exhibit A**, Complaint and District Court Civil Case Cover Sheet). To date, Plaintiff is claiming $97,353.00 in economic losses. Accordingly, it is clear that the jurisdictional amount has been met in this case.

## THE INCIDENT AND CLAIMS

17. This lawsuit arises out of an alleged slip and fall incident that occurred in one of Defendant's stores located in Denver, Colorado. Plaintiff claims damages under the Premises Liability Act, C.R.S. § 13-21-115 and common law negligence, to compensate her for injuries and damages she claims to have suffered as a result of this incident. (*See* **Exhibit A**, Complaint).

18. Plaintiff claims she sustained bodily injuries and permanent impairment. (*See* **Exhibit A**, Complaint ¶ 20).

19. Plaintiff claims she has incurred, and expects to incur more, medical expenses as a result of her injuries. (*See* **Exhibit A**, Complaint ¶ 11). In addition to damages for past and future medical expenses and wages, Plaintiff seeks damages for "permanent physical disfigurement, disability and impairment, [] past and future pain and suffering, emotional injury and, loss of enjoyment of life." (*See* **Exhibit A**, Complaint at ¶ 17). These types of allegations, including the nature and extent of Plaintiff's alleged injuries and damages, are sufficient evidence to demonstrate the jurisdictional amount. *Roadcap v. Auto-Owners Ins. Co.*, 2014 U.S. Dist. LEXIS 112059 at * 4-6 (D. Colo. 2014).

20. Additionally, Plaintiff states that she is seeking more than the $75,000 jurisdictional threshold. Plaintiff filed a District Court Civil Case Cover Sheet in the District Court, Denver County, Colorado, and checked the box stating that Colorado's Simplified Rules of Procedure under Colo. R. Civ. P. 16.1 do not apply because, Plaintiff is seeking a monetary judgment against Defendant for more than $100,000. (*See* **Exhibit A**, District Court Civil Case Cover Sheet ¶ 2). Plaintiff's cover sheet is further evidence that the amount in controversy exceeds the jurisdictional threshold. *See Henderson v. Target Stores,* 431 F. Supp. 2d 1143 (D. Colo. 2006) (the filing of a

Civil Cover Sheet serves as notice of the amount in controversy); *Roadcap v. Auto-Owners Ins. Co.*, 2014 U.S. Dist. LEXIS 112059 at * 2-4 (D. Colo. 2014).

21. Considering that the damages Plaintiff claims in her Complaint include permanent physical disfigurement, disability and impairment, past and future pain and suffering, emotional injury, and loss of enjoyment of life (*see* **Exhibit A**, Complaint ¶ 17), and that the District Court Civil Case Cover Sheet indicates that Plaintiff seeks more than $100,000 in damages, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant is aware are filed with this Notice. In addition to Exhibits A through E, attached are: (a) a copy of the docket sheet from the state court action, **Exhibit F**; (b) Defendant's Answer, filed in the state court action, **Exhibit G**; (c) Notice to Elect Exclusion from CRCP 16.1, filed in the state court action, **Exhibit H**; (d) Pre-Trial Order dated 9/25/19 from state court action, **Exhibit I**; (e) Delay Reduction Order dated 9/25/19 from state court action, **Exhibit J;** (f) Notice to Set 3-Day Jury Trial and Case Management Conference by Telephone dated 9/27/19, **Exhibit K**, (g) Amended Notice to Set 3-Day Jury Trial and Case Management Conference by Telephone dated 9/27/19, **Exhibit L** .

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Denver County, Colorado, and a copy has been served contemporaneously on Plaintiff, as indicated on the attached Certificate of Service.

**WHEREFORE**, Defendant hereby removes this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 2nd day of October, 2019.

**WELLS, ANDERSON & RACE, LLC**

By: <u>S/ Larry S. McClung</u>
Larry S. McClung
Katherine M.L. Pratt
Carl F. McEncroe
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: lmcclung@warllc.com
kpratt@warllc.com
cmcencroe@warllc.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** with exhibits referenced therein, was filed with the Clerk of Court, using the CM/ECF System, and a copy was sent by email to:

Nicole C. Daniels
DARRELL S. ELLIOTT, P.C.
1600 Pennsylvania Street
Denver, Colorado 80203
E-mail: *nicole@darrellselliott.com*

*Attorney for Plaintiff*

<u>S/ Kathleen Porter</u>
Kathleen Porter
*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*